David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*Roosevelt Neroes*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |
|---|---|
| ROOSEVELT NEROES, | : Civil Action No.: |
| | : |
| Plaintiff, | : **COMPLAINT FOR DAMAGES** |
| v. | : **PURSUANT TO THE FAIR** |
| | : **CREDIT REPORTING ACT, 15** |
| BACKGROUNDCHECKS.COM, | : **U.S.C. § 1681, ET SEQ.** |
| | : |
| Defendants. | : **JURY TRIAL DEMANDED** |
| | : |
| | : |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Through a tightly wound set of procedural protections, the FCRA protects consumers from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Roosevelt Neroes ("Plaintiff"), by Plaintiff's attorneys, brings this action against BACKGROUNDCHECKS.COM ("Background" or "Defendant") for violations of the FCRA, as set forth below.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction because this case arises out of violations of the FCRA. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

5. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendant is subject to personal jurisdiction in Clark County, Nevada; conducts business in Clark County, Nevada; the events giving rise to this action occurred in Clark County, Nevada; and Defendant is registered with the Nevada Secretary of State as a foreign limited liability company and has appointed a registered agent in Nevada.

## PARTIES

6. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Background regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer credit reports to third parties, and uses interstate commerce to prepare and/or furnish the reports.

8. Unless otherwise indicated, the use of Background's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors,

**KRIEGER LAW GROUP, LLC**
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Background.

9. On information and belief, Background adopted the Metro 2 Format reporting standards and at all times relevant implemented the Metro 2 Format as an integral aspect of its duties under FCRA, which requires adequate and reasonable policies and procedures be in place to handle investigations of disputed information.

10. Additionally, Background's inaccurate reporting did not comply with industry standard. The Consumer Data Industry Association ("CDIA") provides reporting standards and guidelines to assist furnishers of information and credit reporting agencies with their compliance requirements under the FCRA and published and implemented the Metro 2 Format reporting standards ("Metro 2 Format").

11. Despite Metro 2 Format's instructions, Background reported and re reported inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

12. To this end, the adverse reporting on Plaintiff's consumer report departed from the credit industry's own reporting standards and was not only inaccurate, but also materially misleading under the CDIA's standards as well.

13. A "materially misleading" statement is more than just inaccuracies in reported information.   It also includes omissions that cause reported information to be misleading or that create misperceptions about otherwise factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

## **Background Reported Obsolete Information**

14. In a credit report dated September 9, 2020, Background reported obsolete information dating from August 2004, thus allowing derogatory information to remain on Plaintiff's credit reported longer than allowed under the FCRA's obsolescence period as codified at 15 U.S.C. § 1681c(a)(5).

```
NON SUFFICIENT FUNDS/CHECKS (Clark County - Las Vegas Justice Court, NV)

Disposition : DISMISSED/STATE NOT PROCEEDING
Degree Of Offense : FELONY
Offense Date : 5/14/2001
Disposition Date : 8/11/2004
File Date : 5/14/2001

CLARK COUNTY - LAS VEGAS JUSTICE COURT, NV SPECIFIC INFORMATION
Statute Code : 205.130                    Case Number : 01F07686X
Count : 1                                 Case Type : FELONY
Case Status : DISMISSED
```

15. On or about October 9, 2020, pursuant to 15 U.S.C. § 1681c(a)(5), Plaintiff disputed Background's reported information by notifying Background, in writing, of the obsolete credit information in its September 9, 2020 report.

16. Specifically, Plaintiff sent a letter, certified, return receipt, to Background ("Dispute Letter"), requesting the above obsolete derogatory information be

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

removed, corrected, or deleted.  In pertinent part, the Dispute Letter read as follows:

The criminal record below is obsolete and therefore, it should be removed immediately from my consumer file. Below is a screenshot of the record. Please remove this from my file immediately

---

**NON SUFFICIENT FUNDS/CHECKS** (Clark County - Las Vegas Justice Court, NV)

Disposition : **DISMISSED/STATE NOT PROCEEDING**
Degree Of Offense : **FELONY**
Offense Date : **5/14/2001**
Disposition Date : **8/11/2004**
File Date : **5/14/2001**

*CLARK COUNTY - LAS VEGAS JUSTICE COURT, NV SPECIFIC INFORMATION*
  Statute Code : **205.130**                          Case Number : **01F07686X**
  Count : **1**                                        Case Type : **FELONY**
  Case Status : **DISMISSED**

ources Searched

17. Background was required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

18. On or about November 24, 2020, Plaintiff received notification from Background through its "reinvestigations" (Background Report No. 294192845) that Background received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the record as "Updated".  However, it continued reporting the obsolete record, as seen below.

To investigate your dispute concerning Case # 01F07686X reported out of (Clark County - Las Vegas Justice Court, NV) we contacted the Clark County Las Vegas Justice Court at 702-671-3116. The Clerk of Court confirmed the accuracy of this information as it appears on our initial report. Therefore, we have made no changes to your file.

19. A reasonable investigation by Background would have removed this record from Plaintiff's report due to its statutory obsolescence.  The record is an

adverse item of information antedating the report by more than seven years and is not a record of a conviction of a crime.

20. Background failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i(a), and wrongly verified obsolete information in connection with Plaintiff's credit reports.

21. Background failed to review all relevant information provided by Plaintiff in the dispute to Background, as required by and in violation of 15 U.S.C. § 1681i(a).

22. Background re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, Background still reported an obsolete and negative record on Plaintiff's report beyond the seven year obsolescence period prescribed by the FCRA.

23. Upon receipt of Plaintiff's dispute, Background failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681i(a).

24. Due to Background's failure to reasonably investigate Plaintiff's dispute, it further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681e(b).

**KRIEGER LAW GROUP, LLC**
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

25. Plaintiff's Dispute Letter also included a statement of dispute as that term is meant pursuant to 15 U.S.C. § 1681i(b). Specifically, Plaintiff requested that Background include a statement on Plaintiff's credit report stating that the instant record was disputed in the event Background failed to make the requested corrections identified in Plaintiff's Dispute Letter.

26. Upon information and belief, Background failed in Plaintiff's subsequent consumer reports containing the above disputed information to clearly note that this record was disputed by Plaintiff and provide either Plaintiff's dispute statement or a clear and accurate codification or summary of the dispute in violation of Background's statutory obligations under 15 U.S.C. § 1681i(c).

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant failed to comply with industry standards. Defendant failed to comply with the Metro 2 Format instructions and reported obsolete information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report. Defendant failed to comply with the FCRA obsolescence provisions of 1681c(a).

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

29. Defendant failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i(a), and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

30. Defendant failed to review all relevant information provided by Plaintiff in the Dispute Letter, as required by and in violation of 15 U.S.C. § 1681i(a).

31. Defendant re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, Defendant still reported an obsolete and negative record related to Plaintiff.

32. Upon receipt of Plaintiff's dispute, Defendant failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681i(a).

33. Due to Defendant's failure to reasonably investigate Plaintiff's dispute, it further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681e(b).

34. Reporting and re-reporting the above-referenced obsolete derogatory information also constituted a violation of 15 U.S.C. § 1681g(a) because the lack of clarity in the information reported and re-reported has the tendency to confuse ordinary consumers like Plaintiff.

35. Despite Plaintiff's efforts to correct Defendant's erroneous and negative reporting in writing, Defendant neglected, refused, or failed to do so.

36. Defendant's continued inaccurate and negative reporting of the Debts in light of their knowledge of the actual error was willful.  Plaintiff is, accordingly, eligible for statutory damages.

37. Also as a result of Defendant's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation fear of adverse action, out-of-pocket expenses in challenging Defendant's wrongful representations, damage to his creditworthiness, and emotional distress.

38. By inaccurately reporting account information relating to the obsolete record after notice and confirmation of its errors, Defendant failed to take the appropriate measures as required under 15 U.S.C. § 1681e(b).

39. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

40. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

41. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 ET SEQ. (FCRA)**

- actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

**TRIAL BY JURY**

42. Pursuant to the Seventh Amendment to the Constitution of the United States

of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 21, 2020

Respectfully submitted,

By      /s/ David Krieger, Esq.
        David Krieger, Esq.
        Nevada Bar No. 9086
        Shawn Miller, Esq.
        Nevada Bar No. 7825
        KRIEGER LAW GROUP, LLC
        2850 W. Horizon Ridge Parkway
        Suite 200
        Henderson, Nevada 89052
        Phone: (702) 848-3855
        Email: dkrieger@kriegerlawgroup.com
        Email: smiller@kriegerlawgroup.com